Filed:  January 31, 2002

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

Nos. 00-2269(L)
(CA-99-1851)

Daniel Adams, et al.,

Plaintiffs - Appellees,

versus

City of Norfolk, Virginia,

Defendant - Appellant.

O R D E R

The  court  amends  its  opinion  filed  December  6,  2001,  as
follows:

On  page  15,  first  full  paragraph,  line  6  --  the  phrase
"(emphasis added)" is added after "(4th Cir. 1998)".

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DANIEL ADAMS; ROBERT C.
ADKISSON; THOMAS W. ADLER;
MATTHEW ALBRIGHT; KANYIA J.
ANDERSON; BRADLEY D. ANTONS;
LONNIE E. ARTIS; JAMES S. BAILIE;
JOHN BANKS; JAMES R. BARKER;
KAREN MARIE BARNES; CHARLENE A.
BEAHM; JAMES T. BLOUNT; WILLIAM
BRADY; LARRY D. BRENEMAN;
FREDERICK M. BROCCOLO; MICHAEL
B. CARDEN; WILLIAM R. CARMAN;
WILLIAM H. CARROLL; MARC W.
CHADWICK; DAVID CHERESKIN;
ROBERT E. CHERRY; RICHARD
CHILDRESS; MARK COLE; STEVEN R.

COMEAU; WILLIAM H. CONGER, JR.;
SCOTT CONDON; STEPHEN G.
CONNALLY; PAUL G. COOK; WILLIAM
T. CORBETT; TIM COSTELLO; ROBERT
L. COWAN; RICHARD M. COX, JR.;
FREDDIE D. CREEF; JOHN F.
CULPEPPER, JR.; WILLIAM W. DAILEY,
JR.; RANDY A. D'ARCY; JAMES W.
DAVIS; JONATHON C. DAVIS; MICHAEL
LEE DAVIS; ERNEST E. DELP; BRETT
G. DERR; BRANDON JAMES DOMMEL;
DAVID DUBINSKY; TIMOTHY EDIC;
RAYMOND ELLIS; DAVID J. FANNON,
JR.; EDWARD FERRO; STANLEY F.
FLAVIN; CHARLES J. FLEETWOOD;

No. 00-2269

CHESTER M. FLEMMING; FLOYD J.
FORD; DAVID FRANCISCO; JOHN
FRANCZEK; ROY FRUGARD; KYLE R.
GAVIN; PHELIPE P. GILES; ANDRE H.
GLAUBKE; ROBERT GLAUBKE;
CHARLES E. GORE; RICHARD Q.
GRAULICH; STEVEN M. GREEN;
JONATHON A. GUFFEY; DONNA GUINN,
Administratrix of the Estate of
William A. Guinn, Jr., Deceased;
SCOTT HAMILTON; JOHN HARRINGTON;
DAVID W. HARRIS; JOHN K. HELMS;
BILLY M. HENSON, JR.; STEVEN W.
HENSON; MICHAEL T. HICKS; RICARDO
HICKS; DENNIS HODGE; JAMES
HOPKINS; ROBERT L. INKS; STEVE
JIANNINE; DANIEL H. JOHNSON; MARK
L. JOHNSON; RICKY D. JOHNSON; SAM
MARVIN JONES, III; JOHN DAVID
JUDD; FRANK JURCZAK; WILLIAM T.
KARAS; FREDERICK W. KINZEL; KELLY
R. KIRK; STEVEN R. KLEMSTINE; JOHN
E. KOENIG; GERARD J. LAING, JR.;
TODD A. LANDRETH; ROBERT J.
LEMOYNE; KEVIN R. LAUGHLIN;
RAYMOND W. LEE, JR.; CHRISTOPHER
M. LEONARD; BRIAN D. LEWIS;
STEVEN K. LINDBLAD; ARLIE R.
LIVERMAN, JR.; JEFFREY B. LOGAN;
BLANE J. LORSON; JOHN LOUSHE;
SHANE J. LYLE; JOHN E. MARTIN;
STEPHEN MASSENBURG; ROBERT M.
MATTHEWS, JR.; SCOTT R. MCCLAIN;
DAVID C. MCGHINNIS; WILLIAM R.
MCCULLIN, III; CAROL M. MEADS;
RICK L. MERCER; JAMES A. MIKELL;

2

GAIL MONTGOMERY; WILLIAM H. MOREY; BRIAN U. MORROW; JOHN W. MORTON; THEODORE A. MUNDEN; ROYCE I. MUNKEL; GRANT C. MURRAY; SCOTT NASH; BRIAN P. NICHOLS; ANTHONY NORTY; FRANK S. OLDAKER; TODD O'NEAL; WAYNE E. OPORTO; RICHARD S. ORLETSKY; ROBERT W. ORLETSKY; CLARENCE P. OSBORN; PAUL J. PARKS; JACK PATTERSON; EVE-MARIE PAXTON; FRED H. PEEDIN, SR.; W. MARSHALL PERRY, JR.; LAWRENCE M. PHILLIPS; NORMAN POOL; CLIFFORD F. POPLIN; JEFFREY F. POPLIN; HARVEY J. PORTER, III; MICHAEL W. PORTER; MICHAEL J. PREZIOTTI, JR.; GARY W. RAFTER; WILLIAM C. RANEY, JR.; DAVID C. RANNIGAN; JOHN RAWLINGS, JR.; RICKY JOSEPH RICKMAN; BRETT J. ROESKE; CHRISTOPHER ROGERS; MICHAEL L. ROSE; JAMES R. ROUSE; FRANK RUSSO; WILLIAM L. SABOURIN; PAUL EDWARD SAVAGE, JR.; MICHAEL T. SCOTT; PAUL R. SCOTT; RITCHIE V. SCOTT, JR.; DAVID M. SEITZ; REGINALD SHIRLEY; RICHARD P. SIMONTON; JOSEPH D. SONIAK; JAMES L. SPRUILL; RODGER SPRUILL; ROBERT SPURLOCK; MICHAEL D. STAATS; JAMES D. STANEK; LARRY D. STEADMAN; CRAIG D. STEELE; RICHARD STUDEBAKER; MICHAEL L. TALLEY; KENNETH R. TANCREDI; DAVID C. TAYLOR; DANIEL K. THOMAS; PHILLIP R. THOMPSON;

3

CARL THROCKMORTON; ROLAND G. TOFFTON; WILLIAM TULL; JOHN A. UTEGG; ELIJAH VAUGHN; TIMOTHY L. VAUSE; ALVIN C. WALKER; JOSEPH M. WALLOWER; WILLIAM P. WALRAVEN; DEREK WARREN; JOHN WEAVER; DOUGLAS A. WHITE; CECIL C. WHITEHEAD, JR.; CHARLES T. WILKINSON; SHAWN R. WILKINSON; JAMIE R. WILKS; GARRY WINDLEY; CHARLES C. WOOD; MALCOLM WOOLDRIDGE; PAUL A. WOTRING, SR.; RICHARD ZAWISLAK; JOSEPH S. ZENTKOVICH; JEFFREY A. ZIEGLER; JASON BLOW; ROGER T. BURRIS; CLIFTON CHISUM; TRACY W. CARROLL; CHARLES R. CLARK; ROBERT B. HAGWOOD; CARNELL MARSH; RODNEY M. MILLS; TROY RAMSEY; TIMOTHY SMITH; LAWRENCE WALLACE; KENNETH D. ALLIGOOD; CHRISTOPHER SCOTT ANSELL; WILLIAM R. ANSELL, JR.; WILLIAM M. AVANT, SR.; GEORGE MICHAEL BARNER; PETER W. BATES; BRADFORD TROY BREWER; BRIAN CLEVELAND; DONALD N. CLIFTON, JR.; RICKY T. COLEMAN; JERRY H. COWARD, II; DOUG DEATON; GREGORY S. DEYOUNG; PAUL D. FETTER; WAYNE B. HANBURY; CAROLYN M. HENDERSON; DAVID L. HUGHES; LIONELL LAMB; JETER GUY LAWSON; GREGORY A. MIESSE; HAROLD E. MOLOHON, JR.;

4

GREGORY THOMAS MOORE;
ALEXANDER J. MOORMAN, JR.;
TIMOTHY L. PAYNE, SR.; DAVID ALAN
SLADE; CAREY R. SPELLER; HARRELL
F. STORY; GARY W. SUMNER; ROY E.
SYKES; DONALD TEASLEY, JR.; DEAN
C. THEMIDES; MICHAEL WALKER;
MARK D. WILLIS,
Plaintiffs-Appellants,

and

JAMES A. BATTERSBY; CHRISTOPHER
SCOTT DAVIS; MARTIN T. GROSS;
RUDOLPH V. JAMES; JERRY NOAH;
JAMES A. REYNOLDS; LONNIE R.
STEADMAN; RONALD W. SPRUILL;
NORMAN D. WINFREE, JR.,
Plaintiffs,

v.

CITY OF NORFOLK, VIRGINIA,
Defendant-Appellee.

5

DANIEL ADAMS; ROBERT C.
ADKISSON; THOMAS W. ADLER;
MATTHEW ALBRIGHT; KANYIA J.
ANDERSON; BRADLEY D. ANTONS;
LONNIE E. ARTIS; JAMES S. BAILIE;
JOHN BANKS; JAMES R. BARKER;
KAREN MARIE BARNES; CHARLENE A.
BEAHM; JAMES T. BLOUNT; WILLIAM
BRADY; LARRY D. BRENEMAN;
FREDERICK M. BROCCOLO; MICHAEL
B. CARDEN; WILLIAM R. CARMAN;
WILLIAM H. CARROLL; MARC W.
CHADWICK; DAVID CHERESKIN;
ROBERT E. CHERRY; RICHARD
CHILDRESS; MARK COLE; STEVEN R.

COMEAU; WILLIAM H. CONGER, JR.;
SCOTT CONDON; STEPHEN G.
CONNALLY; PAUL G. COOK; WILLIAM
T. CORBETT; TIM COSTELLO; ROBERT
L. COWAN; RICHARD M. COX, JR.;
FREDDIE D. CREEF; JOHN F.
CULPEPPER, JR.; WILLIAM W. DAILEY,
JR.; RANDY A. D'ARCY; JAMES W.
DAVIS; JONATHON C. DAVIS; MICHAEL
LEE DAVIS; ERNEST E. DELP; BRETT
G. DERR; BRANDON JAMES DOMMEL;
DAVID DUBINSKY; TIMOTHY EDIC;
RAYMOND ELLIS; DAVID J. FANNON,
JR.; EDWARD FERRO; STANLEY F.
FLAVIN; CHARLES J. FLEETWOOD;

No. 00-2315

6

CHESTER M. FLEMMING; FLOYD J. FORD; DAVID FRANCISCO; JOHN FRANCZEK; ROY FRUGARD; KYLE R. GAVIN; PHELIPE P. GILES; ANDRE H. GLAUBKE; ROBERT GLAUBKE; CHARLES E. GORE; RICHARD Q. GRAULICH; STEVEN M. GREEN; JONATHON A. GUFFEY; DONNA GUINN, Administratrix of the Estate of William A. Guinn, Jr., Deceased; SCOTT HAMILTON; JOHN HARRINGTON; DAVID W. HARRIS; JOHN K. HELMS; BILLY M. HENSON, JR.; STEVEN W. HENSON; MICHAEL T. HICKS; RICARDO HICKS; DENNIS HODGE; JAMES HOPKINS; ROBERT L. INKS; STEVE JIANNINE; DANIEL H. JOHNSON; MARK L. JOHNSON; RICKY D. JOHNSON; SAM MARVIN JONES, III; JOHN DAVID JUDD; FRANK JURCZAK; WILLIAM T. KARAS; FREDERICK W. KINZEL; KELLY R. KIRK; STEVEN R. KLEMSTINE; JOHN E. KOENIG; GERARD J. LAING, JR.; TODD A. LANDRETH; ROBERT J. LEMOYNE; KEVIN R. LAUGHLIN; RAYMOND W. LEE, JR.; CHRISTOPHER M. LEONARD; BRIAN D. LEWIS; STEVEN K. LINDBLAD; ARLIE R. LIVERMAN, JR.; JEFFREY B. LOGAN; BLANE J. LORSON; JOHN LOUSHE; SHANE J. LYLE; JOHN E. MARTIN; STEPHEN MASSENBURG; ROBERT M. MATTHEWS, JR.; SCOTT R. MCCLAIN; DAVID C. MCGHINNIS; WILLIAM R. MCCULLIN, III; CAROL M. MEADS; RICK L. MERCER; JAMES A. MIKELL;

7

GAIL MONTGOMERY; WILLIAM H. MOREY; BRIAN U. MORROW; JOHN W. MORTON; THEODORE A. MUNDEN; ROYCE I. MUNKEL; GRANT C. MURRAY; SCOTT NASH; BRIAN P. NICHOLS; ANTHONY NORTY; FRANK S. OLDAKER; TODD O'NEAL; WAYNE E. OPORTO; RICHARD S. ORLETSKY; ROBERT W. ORLETSKY; CLARENCE P. OSBORN; PAUL J. PARKS; JACK PATTERSON; EVE-MARIE PAXTON; FRED H. PEEDIN, SR.; W. MARSHALL PERRY, JR.; LAWRENCE M. PHILLIPS; NORMAN POOL; CLIFFORD F. POPLIN; JEFFREY F. POPLIN; HARVEY J. PORTER, III; MICHAEL W. PORTER; MICHAEL J. PREZIOTTI, JR.; GARY W. RAFTER; WILLIAM C. RANEY, JR.; DAVID C. RANNIGAN; JOHN RAWLINGS, JR.; RICKY JOSEPH RICKMAN; BRETT J. ROESKE; CHRISTOPHER ROGERS; MICHAEL L. ROSE; JAMES R. ROUSE; FRANK RUSSO; WILLIAM L. SABOURIN; PAUL EDWARD SAVAGE, JR.; MICHAEL T. SCOTT; PAUL R. SCOTT; RITCHIE V. SCOTT, JR.; DAVID M. SEITZ; REGINALD SHIRLEY; RICHARD P. SIMONTON; JOSEPH D. SONIAK; JAMES L. SPRUILL; RODGER SPRUILL; ROBERT SPURLOCK; MICHAEL D. STAATS; JAMES D. STANEK; LARRY D. STEADMAN; CRAIG D. STEELE; RICHARD STUDEBAKER; MICHAEL L. TALLEY; KENNETH R. TANCREDI; DAVID C. TAYLOR; DANIEL K. THOMAS; PHILLIP R. THOMPSON;

8

CARL THROCKMORTON; ROLAND G. TOFFTON; WILLIAM TULL; JOHN A. UTEGG; ELIJAH VAUGHN; TIMOTHY L. VAUSE; ALVIN C. WALKER; JOSEPH M. WALLOWER; WILLIAM P. WALRAVEN; DEREK WARREN; JOHN WEAVER; DOUGLAS A. WHITE; CECIL C. WHITEHEAD, JR.; CHARLES T. WILKINSON; SHAWN R. WILKINSON; JAMIE R. WILKS; GARRY WINDLEY; CHARLES C. WOOD; MALCOLM WOOLDRIDGE; PAUL A. WOTRING, SR.; RICHARD ZAWISLAK; JOSEPH S. ZENTKOVICH; JEFFREY A. ZIEGLER; JASON BLOW; ROGER T. BURRIS; CLIFTON CHISUM; TRACY W. CARROLL; CHARLES R. CLARK; ROBERT B. HAGWOOD; CARNELL MARSH; RODNEY M. MILLS; TROY RAMSEY; TIMOTHY SMITH; LAWRENCE WALLACE; KENNETH D. ALLIGOOD; CHRISTOPHER SCOTT ANSELL; WILLIAM R. ANSELL, JR.; WILLIAM M. AVANT, SR.; GEORGE MICHAEL BARNER; PETER W. BATES; BRADFORD TROY BREWER; BRIAN CLEVELAND; DONALD N. CLIFTON, JR.; RICKY T. COLEMAN; JERRY H. COWARD, II; DOUG DEATON; GREGORY S. DEYOUNG; PAUL D. FETTER; WAYNE B. HANBURY; CAROLYN M. HENDERSON; DAVID L. HUGHES; LIONELL LAMB; JETER GUY LAWSON; GREGORY A. MIESSE; HAROLD E. MOLOHON, JR.;

9

GREGORY THOMAS MOORE;
ALEXANDER J. MOORMAN, JR.;
TIMOTHY L. PAYNE, SR.; DAVID ALAN
SLADE; CAREY R. SPELLER; HARRELL
F. STORY; GARY W. SUMNER; ROY E.
SYKES; DONALD TEASLEY, JR.; DEAN
C. THEMIDES; MICHAEL WALKER;
MARK D. WILLIS,
Plaintiffs-Appellees,

and

JAMES A. BATTERSBY; CHRISTOPHER
SCOTT DAVIS; MARTIN T. GROSS;
RUDOLPH V. JAMES; JERRY NOAH;
JAMES A. REYNOLDS; LONNIE R.
STEADMAN; RONALD W. SPRUILL;
NORMAN D. WINFREE, JR.,
Plaintiffs,

v.

CITY OF NORFOLK, VIRGINIA,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-99-1851)

Argued: October 31, 2001

Decided: December 6, 2001

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by published opinion. Judge Luttig wrote the opinion, in
which Judge Wilkins and Judge Niemeyer joined.

10

## COUNSEL

**ARGUED:** Andrew Michael Sacks, SACKS & SACKS, P.C., Norfolk, Virginia, for Appellants. Stanley Graves Barr, Jr., KAUFMAN & CANOLES, P.C., Norfolk, Virginia, for Appellee. **ON BRIEF:** Scott W. Kezman, Windley Hofler Walden, KAUFMAN & CANOLES, P.C., Norfolk, Virginia; Bernard Pishko, Harold P. Juren, CITY ATTORNEY'S OFFICE, Norfolk, Virginia, for Appellee.

_____

## OPINION

LUTTIG, Circuit Judge:

Appellants are certified firefighters, but they are cross-trained to provide varying levels of emergency medical services ("EMS") as part of their job duties at the City of Norfolk's Department of Fire and Paramedical Services ("NFPS"). They contend that their simultaneous service as emergency medical personnel defeats the partial exemption from the Fair Labor Standards Act's ("FLSA") overtime requirements for "employee[s] in fire protection services," 29 U.S.C. § 207(k), entitling them to overtime pay for all hours worked each week in excess of 40. The district court granted summary judgment in favor of the City on appellants' claim. We affirm.

I.

Section 7(k) of the FLSA, 29 U.S.C. § 207(k), provides a partial exemption from otherwise applicable overtime pay requirements for an employee engaged in "fire protection services." Department of Labor regulations define an "employee . . . in fire protection activities," 29 C.F.R. § 553.210(a), and limit the amount of work unrelated to fire protection that such an employee may perform without the employer forfeiting the "fire protection services" exemption. 29 C.F.R. § 553.212(a). We conclude that, because appellants are employees engaged in fire protection activities within the meaning of section 553.210(a), and do not perform work unrelated to their fire protection activities in excess of the amount specified in section 553.212(a), the FLSA's overtime pay requirements are inapplicable to them.

11

A.

Department of Labor regulations define an employee engaged in "fire protection activities" as one

> (1) who is employed by an organized fire department or fire protection district; (2) who has been trained to the extent required by State statute or local ordinance; (3) who has the legal authority and responsibility to engage in the prevention, control or extinguishment of a fire of any type; and (4) who performs activities which are required for, and directly concerned with, the prevention, control or extinguishment of fires, including such incidental non-firefighting functions as housekeeping, equipment maintenance, lecturing, attending community fire drills and inspecting homes and schools for fire hazards.

29 C.F.R. § 553.210(a). As to the first of these regulatory requirements, appellants acknowledge that they are employees of NFPS, an entity "responsible for providing fire protection, emergency medical, and technical rescue services to the City's residents." Br. of Appellants at 8. That is, appellants acknowledge that they work for a fire department. As to the second of these requirements, the district court found, and appellants do not deny, that they all have obtained "the base fire-certification level of Firefighter II with the Commonwealth of Virginia." J.A. 752. As to the third requirement, appellants do not dispute that they are "legally required to, and ha[ve] actually engaged in suppression, control and extinguishment of fires on behalf of the NFPS." Br. of Appellants at 16. And as to the final requirement, appellants admit that when they are not responding to fire emergency calls, they participate in, among other things, fire training, fire drills and inspections, and perform equipment maintenance, Br. of Appellants at 17-18 -- activities deemed by the regulations to be "directly concerned with" or "incidental" to firefighting. Because appellants satisfy all four requirements of section 553.210(a), they are employees engaged in "fire protection activities" within the meaning of that regulatory provision.

B.

Appellants contend, however, that even if they do meet the requirements of section 553.210(a), they are nevertheless entitled to overtime

12

pay under the FLSA because they exceed in hours the limitation on work "not performed as an incident to or in conjunction with their fire protection activities." 29 C.F.R. § 553.212(a) ("The performance of such nonexempt work will . . . defeat . . . the section 7(k) exemption[ ] [if] it exceeds 20 percent" of an employee's workweek.). We conclude, to the contrary, that all of appellants' tasks are exempt, as either fire protection activities per se or as tasks performed "incident to or in conjunction with their fire protection activities."

Appellants work in 24-hour shifts, dividing their time between fire and EMS units. During these shifts, appellants may be tasked to fight fires, render medical services at scenes of fire emergencies, or perform medical services at non-fire emergencies.

Both fire units and EMS units respond to fire emergencies. If an EMS unit is the first on the fire scene, it may well fight the fire, leaving medical services to be performed by a back-up rescue unit. J.A. 770-71. If the fire unit is first to the scene, then the EMS unit performs medical services, if it is not otherwise needed. It goes without saying that when appellants fight fires, whether on duty with a fire unit or with an EMS unit, they are engaged in fire protection activities. It is no less obvious that the performance of medical duties at the scene of a fire is, at the very least, "incident to or in conjunction with" fire protection activities, and appellants do not contend otherwise.

The more difficult question is whether appellants' performance of EMS duties at non-fire emergencies is "incident to or in conjunction with [their] fire protection activities," and therefore also exempt. We are satisfied that, even when performing medical services at non-fire emergencies, appellants are still subject to the FLSA's exemption from overtime pay requirements. First, even when appellants are responding to non-fire emergencies, they are, of course, yet trained firefighters. Second, while at non-fire emergencies, appellants may be called away to fire emergencies, see Br. of Appellants at 12. Third, when called away from a non-fire emergency, appellants must and do, when directed, actually fight fires. J.A. 770-71. Indeed, so integrated are appellants' firefighting and EMS duties that appellants are required to have their firefighting tools with them when performing services at non-fire emergencies so that they are ready to fight fires, if called upon to do so. J.A. 770-71.

13

Under these circumstances, we believe that appellants' performance of medical services even at non-fire emergencies is sufficiently "incident to or in conjunction with their fire protection activities" as to satisfy the requirements of section 553.212(a).

Indeed, even under the Department of Labor's interpretation of the section 7(k) exemption for employees who perform both firefighting and EMS duties, appellants' performance of medical duties at non-fire emergencies would be considered "incident to or in conjunction with their fire protection activities." The Department's Wage & Hour Division's Opinion Letter of February 13, 1995, recites the Department's construction of the section 207(k) exemption as follows:

> We have concluded that firefighters who are cross-trained as EMS employees qualify for exemption under [§ 207(k)] as fire protection employees where they are principally engaged as firefighters meeting the four tests outlined in 29 C.F.R. § 553.210(a) . . . and where the EMS functions they perform meet the tests described in 29 C.F.R. § 553.215 for ambulance and rescue employees. Under these circumstances, we would consider that ambulance and rescue activities are incidental to the employees' fire protection duties within the meaning of the fourth test in 29 C.F.R. § 553.210(a), including any ambulance and rescue activities related to medical emergencies, rather than fires, crime scenes, riots, natural disasters, and accidents.

> In these circumstances, the time engaged in ambulance and rescue activities would be considered to be work performed as incident to or in conjunction with the employees' fire protection activities within the meaning of 29 C.F.R. § 553.212(a), and would not count in the 20 percent limitation on nonexempt work.

Not only do appellants meet the criteria of section 553.210(a), as we explained above, but they also "meet the tests described in 29 C.F.R. § 553.215 for ambulance and rescue employees."* By virtue of their

_____

*Section 553.215(a) provides in relevant part as follows:

14

EMS and fire training, they satisfy section 553.215(a)(1), and, as the district court concluded, they are "regularly dispatched to fires, crime scenes, riots, natural disasters, and accidents," as section 553.215(a)(2) additionally requires.

To establish dispatch "regularity," one must show "some frequency," which "would seem best proved by two kinds of evidence" -- "evidence that <u>many</u> fire or police dispatches <u>include</u> EMS teams" and(or) "evidence that <u>numerous</u> EMS calls were dispatched to section 553.215 emergencies." <u>Roy</u> v. <u>County of Lexington</u>, 141 F.3d 533, 541 (4th Cir. 1998) (emphasis added). The existence of "a regular procedure . . . by which [EMS] workers are notified and dispatched to events relating to firefighting or law enforcement activities," <u>id</u>. at 542, will suffice to establish that many fire and police dispatches include EMS teams. Appellants admit in their affidavits that the City has in place a standardized procedure (the Unit Response List) for the notification of, and dispatch to, firefighting events. J.A. 215-40. Furthermore, the district court correctly concluded, based on the Unit Response List, J.A. 193-99, that rescue units are dispatched "(1) to the <u>majority</u> of law enforcement calls answered by NFPS; (2) with fire apparatus to the <u>vast majority</u> of accident calls; and (3) with fire apparatus to <u>all</u> structure fires and hazardous materials calls." J.A. 773 (emphasis added). Evidence "that most fire or police dispatches include EMS teams, even if such calls only comprise a minority of EMS' total calls" is itself sufficient to satisfy the "regularly dispatched" requirement. <u>Roy</u>, 141 F.3d at 542.

_____

> Ambulance and rescue service employees of a public agency other than a fire protection . . . agency may be treated as employees engaged in fire protection . . . activities of the type contemplated by sections 7(k) . . . if their services are substantially related to firefighting . . . activities in that (1) the ambulance and rescue service employees have received training in the rescue of fire, crime, and accident victims or firefighters . . . injured in the performance of their respective, duties, and (2) the ambulance and rescue service employees are regularly dispatched to fires, crime scenes, riots, natural disasters and accidents.

29 C.F.R. § 553.215(a).

15

Finally, according to appellants' own expert, NFPS rescue units responded to an average of 451.89 fires, law enforcement, and/or accident calls per 21-day work period. J.A. 257. That is, on average, rescue units respond to 21.5 calls per day (2.15 calls per day per rescue unit) related to fire, law enforcement, and/or accidents. Br. of Appellee at 10. This evidence amply demonstrates that appellants are "regularly dispatched" to fires and other accidents.

Because appellants' performance of medical services at non-fire emergencies is "incidental or in conjunction with" fire protection activities, it follows that their activities undertaken in support of their EMS duties, such as EMS training and equipment maintenance, are likewise exempt. Cf. Schmidt v. County of Prince William, 929 F.2d 986, 990 (4th Cir. 1991) (concluding that firefighting support activities and firefighting training are exempt). That appellants engage in personal activities while awaiting calls, whether fire or medical, does not alter our analysis. The intervals between calls are nonetheless "incident to . . . fire protection," because they enable appellants to be available and ready to respond to emergencies when they arise.

Accordingly, we conclude that all of appellants' activities, in both fire and EMS units, are properly characterized either as "fire protection" activities per se or as activities performed "incident to or in conjunction with" fire protection, and hence, exempt.

Appellants incorrectly believe that our decision in West v. Anne Arundel County, 137 F.3d 752 (4th Cir. 1998), compels a different conclusion. In West, the county sought to apply the section 7(k) exemption to employees, who, although trained in firefighting, performed only EMS duties. Id. at 761. We held that the employees there not only did not meet the section 552.210(a) requirements, but also that they exceeded the limit on nonexempt work set in section 553.212(a). In stark contrast to appellants, the West plaintiffs spent all of their time in the Emergency Medical Services division, and "were prohibited by standard operating procedure from engaging in fire suppression activities." Id. (emphasis added).

## CONCLUSION

The district court's summary judgment in favor of the City of Norfolk, that appellants are exempt under section 7(k) from the overtime

16

provisions of the Fair Labor Standards Act because they are "employee[s] in fire protection services," is affirmed.

<u>AFFIRMED</u>

17